Filed 4/19/22  P. v. Calderon CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ROLANDO CALDERON,<br><br>　　Defendant and Appellant. | B312516<br><br>(Los Angeles County<br>Super. Ct. No. PA033836) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee, Jr. and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

# I.     INTRODUCTION

Defendant Rolando Calderon appeals from the trial court's denial of his Senate Bill No. 1437 and Penal Code section 1170.95[1] petition for resentencing.  He contends the court erred in summarily denying his petition without appointing counsel to represent him or allowing briefing.  We affirm.

# II.     BACKGROUND

A jury convicted defendant of two counts of willful, deliberate, and premeditated attempted murder.  (§§ 664/187, subd. (a).)  The jury found true gang and firearm allegations. (§§ 186.22, subd. (b)(1); 12022.53, subds. (d) & (e)(1).)  The trial court sentenced defendant to two consecutive life terms with 15-year minimum parole eligibility dates, consecutive to 25 years to life, consecutive to 20 years.  On March 6, 2003, a prior panel of this division affirmed defendant's judgment.  (*People v. Calderon* (Mar. 6, 2003, B157399) [nonpub. opn.].)

On April 1, 2021, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 and section 1170.95.  In his petition, defendant requested the trial court appoint counsel for him "during resentencing."  On April 14, 2021, without the prosecution's or defendant's presence, and without appointing counsel for defendant, the court denied defendant's petition.  It ruled that defendant's petition did not comply with subdivision (a) of section 1170.95 because it did not attach page two of the form petition and thus did not include the allegations that the prosecution proceeded under a theory of felony murder or murder

---

[1]     All further statutory references are to the Penal Code.

under the natural and probable consequences doctrine, he was convicted of first or second degree murder by verdict or plea, and he could not now be convicted of first or second degree murder due to legislative changes to sections 188 and 189.

"[T]o avoid a needless resubmission," however, the trial court also decided the petition on the merits.[2] It reviewed the case file and the appellate opinion of the prior panel of this division that affirmed defendant's judgment. The court ruled that defendant's attempted murder convictions did not, as a matter of law, qualify for relief under section 1170.95 and, accordingly, defendant was ineligible for section 1170.95 relief.

## III.   DISCUSSION

On October 5, 2021, during the pendency of this appeal, the Governor signed Senate Bill No. 775 which amended section 1170.95 to permit resentencing of certain persons convicted of attempted murder under a natural and probable consequences theory. (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021–2022 Reg. Sess.), as amended Oct. 5, 2021, p. 3; Stats. 2021, ch. 551, §§ 1–2.) Section 1170.95's amendments became effective January 1, 2022.

---

[2]     We note that pursuant to section 1170.95, subdivision (b)(2), the court could have denied defendant's petition without prejudice based on the missing page two. Subdivision (b)(2) provides: "If any of the information required by this subdivision is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information."

3

After the Governor signed Senate Bill No. 775, the parties filed letter briefs. Defendant asserts that Senate Bill No. 775 "'[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Sen. Bill No. 775 (2020–2021 Reg. Sess.) at § 1(a).)" Defendant contends we should remand to the trial court because the court summarily denied his petition on the now erroneous ground that he was convicted of attempted murder.

The Attorney General acknowledges that Senate Bill No. 775 extends section 1170.95's provisions to attempted murder convictions and concedes the trial court erred in denying defendant's petition without appointing counsel for defendant (see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*) ["the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c))"])[3], but argues the error was harmless because defendant "could not have been convicted of attempted murder under any theory of liability affected by Senate Bill [No.] 1437 [presumably Senate Bill No. 775], and indeed was necessarily convicted under a theory of actual malice . . . ." We agree that any error was harmless.

The erroneous failure to appoint counsel under section 1170.95 is reviewed for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis, supra*, 11 Cal.5th at pp. 957–958.) Under that standard, defendant has the burden to show a

---

[3]     We do not decide whether defendant's petition was facially sufficient. As noted above, it was missing page two.

4

reasonable probability that he would have obtained a more favorable result if the trial court had appointed counsel. (*Id.* at p. 974.) A court's error in failing to appoint counsel under section 1170.95 is harmless when the jury was not instructed on a natural and probable consequences theory. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [error in not appointing counsel under section 1170.95 was harmless because the jury was not instructed on felony murder or the natural and probable consequences doctrine], review dismissed, cause remanded Dec. 1, 2021, No. S266336.) Because the trial court did not instruct the jury on the natural and probable consequences doctrine,[4] any error in failing to appoint counsel was harmless.

Likewise, because defendant was not convicted of attempted murder under a natural and probable consequences theory and was thus ineligible for relief under section 1170.95, any error in summarily denying his petition without allowing briefing was harmless. (See *People v. Edwards* (2020) 48 Cal.App.5th 666, 675 [because the defendant did not fall within the provisions of section 1170.95 as a matter of law, any error in failing to allow briefing was "harmless under any standard of review [citations]"], review dismissed Jan. 5, 2022, No. S262481.)

---

[4] The section 12022.53 instruction included natural and probable consequences language; the attempted murder instructions and the instructions defining principals and aiding and abetting did not. Section 1170.95 does not address attempted murder on a felony murder theory, and the jury was not instructed on attempted felony murder.

## IV.   DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

6